OPINION
Defendant-appellant Albert Byrd appeals the Judgment Entry of the Delaware County Court of Common Pleas which sentenced him to twelve months in prison upon his conviction of theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On August 24, 2001, the Delaware County Grand Jury indicted appellant with one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. On November 19, 2001, appellant plead guilty to the sole count of the indictment. The matter proceeded to sentencing on January 4, 2002. At that time, the trial court reviewed appellant's prior criminal record which indicated appellant had been convicted twenty separate times, serving twelve prison terms for various theft offenses.
At sentencing, trial counsel for appellant asked for drug treatment instead of a prison term. However, in light of appellant's history, the trial court found prison was more appropriate. Accordingly, the trial court sentenced appellant to twelve months in prison.It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 "THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, 10 OF THE OHIO CONSTITUTION WHEN IT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO A PRISON TERM IN THE INSTANT CASE."
 I
In appellant's sole assignment of error, he maintains the trial court abused its discretion in sentencing him to twelve months in prison. The sole stated reason for the alleged abuse of discretion is the trial court's failure to properly weigh appellant's remorse for his crime in fashioning a sentence. Appellant argues he related to the trial court he wanted to make a legitimate change in his life by obtaining in-patient treatment for his drug habit. Appellant argues because the trial court stated on the record it believed appellant to be sincere in his remorse, it abused its discretion in choosing to impose a prison term instead of drug treatment.
The imposition of a prison term for a felony of the fifth degree is governed by R.C. 2929.13(B)(1). The statute states, in relevant part:
 "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
"(f) The offense is a sex offense * * *
"(g) The offender previously served a prison term.
 "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 "(i) The offender committed the offense while in possession of a firearm.
At the sentencing hearing the trial court specifically found sub-sections (g) and (h) applied to appellant.
R.C. 2929.13(B)(2) states:
 "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
In its January 7, 2001 Judgment Entry, the trial court stated:
 "The court further finds pursuant to R.C. 2929.13(B) the Defendant has previously served a prison term and the offense was committed while the Defendant was on a personal recognizance bond in Franklin County; AND the court further finds the Defendant is not amendable to community control and that prison is consistent with the purposes of 2929.11. * * *"
Because the trial court made each of the requisite findings, we find no error in the trial court's decision to impose a prison term upon appellant.
Appellant's sole assignment of error is overruled. The January 7, 2002 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J. GWIN, J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.